## FIRST NATIONAL BANK OF LANARK
### v.
### JOHN SCOTT EITEMILLER.

1. COMPARATIVE NEGLIGENCE.—In actions for personal injuries caused by the alleged negligence of the defendant, if the negligence of the plaintiff is slight and that of the defendant gross, and if it so appear when compared with each other, the plaintiff may recover.

2. INSTRUCTIONS.—The element of comparison is the essence of the rule of comparative negligence, and an instruction which fails to institute a comparison of the negligence of the plaintiff with that of the defendant, is erroneous.

3. SAME.—Where defendant was making some changes in the sidewalk and plaintiff was injured by falling into an excavation made in the sidewalk, and an instruction was given that "it was defendant's duty to have the work so done as to save and protect the public and all persons using the street or sidewalk from injury," etc. *Held* that this was erroneous. Defendant was not a guarantor of the safety of persons using the sidewalk.

First National Bank of Lanark v. Eitemiller.

He was only required to use ordinary and reasonable care in constructing the walk and guarding against danger.

4. OBJECT OF INSTRUCTIONS.—The object of instructions is to convey to the minds of the jury correct principles of law as applicable to the evidence which has been laid before them and nothing should be given to the jury unless it will promote that object.

APPEAL from the Circuit Court of Carroll county; the Hon. JOHN V. EUSTACE, Judge, presiding.    Opinion filed November 16, 1883.

This was an action on the case, brought by appellee, Eitemiller against appellant, the First National Bank of Lanark, to recover for an injury to his person, occasioned by falling into an opening in the sidewalk adjoining appellant's building, which opening is alleged to have been negligently left uncovered and unprotected by appellant.    The evidence tended to show that in making some changes in the sidewalk and outside stairway leading into the basement of the building, appellant had made an opening in the sidewalk directly by the side of the building about three feet and eight inches long, and thirteen inches wide.    The work on the sidewalk was completed on the evening of August 3d, when the opening was covered up by one of the officers of the bank with a two inch plank, five or six feet long and twelve inches wide. The testimony further tended to show that the plank remained there covering the opening a part of the time, and a part of the time appeared to have been displaced, until the morning of the 7th, when it was taken away by the street commissioner.

It further appeared that on the afternoon of the 7th, appellee, who resided a short distance from Lanark and was engaged in the dairy business, had come into the city and just prior to the accident was standing on the sidewalk near the opening with a jar under his arm, conversing with a man who kept a butter store in the basement of the bank building, and as the two started to go down the stairs, appellee fell into the hole and received the injuries complained of.

There was a jury trial and the court, at the request of the plaintiff, gave the following among other instructions:

1. The court instructs the jury that if they believe from the evidence that the plaintiff was injured and sustained damages as charged in the declaration, and that such injury was the combined result of an accident and of a defect or area opening in the sidewalk, and that the damages would not have been sustained but for the defect and open area, although the primary cause of the injury was accidental; still, if the jury believe from the evidence that the plaintiff was exercising ordinary and usual care, prudence and sagacity, and could not, in the exercise of such care provide against the accident and injury, then the defendant is liable, provided the jury believe from the evidence that the defendant was guilty of negligence in not remedying such defect by keeping the area safely and securely covered and guarded. If a barrier, guard or covering was reasonably necessary to prevent injury or accident by falling into the area of persons traveling on the sidewalk, they exercising ordinary and reasonable care at the time, then it was the duty of the defendant to place a reasonably safe, sufficient covering or barrier over the area, or a guard should have been placed to warn people of danger.

2. The court instructs the jury that when work is contracted to be done which is dangerous of itself unless guarded, and the employer makes no provision in his contract for its being guarded, and makes no reasonable effort to guard it himself, then he is negligent; and if injury result therefrom, he can not escape liability on the ground that the work was done by a contractor.

7. The court instructs the jury that where a party is permitted or allowed by a city or other municipal corporation to make, excavate and build areas in the streets or along the sidewalks of the city adjoining to for along the property of the party having or owning such premises, from which the said party is to receive the benefit in light or ventilation to his building or otherwise, the party making such excavation or area is under obligation, and it is his duty to have the work so done as to save and protect the public, and all persons using the street or sidewalk, from injury or harm from the making of such excavation or area, by constructing proper guards

First National Bank of Lanark v. Eitemiller.

and coverings, and the use of all proper means to secure the persons using such street or sidewalk against injury or damage in consequence thereof; and the party making such excavation or area can not escape liability for injuries and damage suffered and sustained by other persons by reason of the negligent and improper construction of the work, and a failure to provide a means of securing persons traveling such street against loss or injury thereby because of being allowed or permitted by the city to make such improvements; nor can they avoid such liability by letting the work to a contractor, or delegating to such contractor their right to control the performance and execution of the work. That a city has no legal right to create and perpetuate a nuisance, nor permit any one else to do so. That while the making excavations and areas for the purpose designated is not in itself a nuisance, and may be allowed and permitted to property owners, by the city, for the improvement of their property, yet they may become such by the improper manner in which they are made and constructed, and the negligence of the parties constructing the same in not properly guarding and providing against injury by reason of their construction; and if the jury believe from the evidence that the defendant made an excavation and opened and constructed an area in the street or sidewalk along its building, in the city of Lanark, for the purpose of lighting and ventilating the same or for any other purpose, and that the said excavation or area was allowed by it to remain open and exposed, and for an improper length of time in a dangerous condition to persons passing along said street or sidewalk, and without proper guards or covering to prevent accident or injury therefrom, and that the plaintiff, in passing along the street or sidewalk in question, and if exercising ordinary care and caution, such as an ordinarily careful person would have exercised under the circumstances and conditions then existing, was precipitated or fell into said area or opening, and was thereby injured and damaged, he is entitled to recover from said defendant for such injuries, the amount the jury may believe from the evidence he has sustained thereby, not exceeding the amount claimed in the declaration.

There was a verdict and judgment for the plaintiff for $1,000, and the defendant brings the case here by appeal.

Messrs. SMITH & LEE, for appellant; as to instructions, cited Chicago P. & P. Co. v. Tilton, 87 Ill. 547; Cushman v. Cogswell, 86 Ill. 62; Snyder v. State, 59 Ind. 105; Evans v. George, 80 Ill. 51; Newman v. McComas, 43 Md. 70; I. C. R. R. Co. v. Hammer, 72 Ill. 347; Ludwig v. Sager, 84 Ill. 99; Thorp v. Goewey, 85 Ill. 612.

As to contributory negligence: Cooley on Torts, 674–5; C. & A. R. R. Co. v. Jacobs, 63 Ill. 178; Rockford, etc., R. R. Co. v. Byam, 80 Ill. 528; Benton v. Cent. R. R. Co. 42 Ia. 192; Fletcher v. Atlantic, etc., R. R. Co. 64 Mo. 484; Ind., etc., R. R. Co. v. McClure, 26 Ind. 370; Litchfield, etc., Co. v. Taylor, 81 Ill. 590; Cooper v. Cent. R. R. Co. 44 Ia. 134.

Mr. J. R. HUNTER, for appellee; that the instructions are not erroneous, cited Haywood v. Merrill, 94 Ill. 349; Stratton v. Central C. H. Ry. Co. 95 Ill. 25; C. B. & Q. R. R. Co. v. Payne, 59 Ill. 534; C. B. & Q. R. R. Co. v. Seirer, 60 Ill. 295; Village of Kewanee v. Depew, 80 Ill. 119; Hale v. Johnson, 80 Ill. 185; Sterling B. Co. v. Pearl, 80 Ill. 251; Teipel v. Hitsendegen, 3 Mich. 82; Morton v. Thubald, 2 Wis. 330.

WILSON, J.   We are constrained to reverse the judgment below, by reason of errors contained in the instructions given to the jury, at the instance of the plaintiff.   It is claimed by the plaintiff that, without fault on his part, he fell into an opening in defendant's sidewalk, which the latter carelessly and negligently left uncovered, whereby he received the injury complained of.   The defendant denies that it was guilty of any negligence, but that on the contrary, the accident occurred through want of care and caution on the part of plaintiff.   Evidence was introduced tending to support the theories of the respective parties, as to the weight of which we express no opinion, it being sufficient to say that the facts, as shown, presented a proper case for the application of the doctrine in relation to comparative negligence, as now settled in this State.   The rule, on that subject, may be stated thus: In ac-

First National Bank of Lanark v. Eitemiller.

tions for personal injuries caused by the alleged negligence of the defendant, if the negligence of the plaintiff is slight, and that of the defendant gross, and if it so appear when compared with each other, the plaintiff may recover: C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; Chi. & N. W. Ry. Co. v. Thorson, 11 Bradwell, 631; Moody v. Peterson, 11 Id. 183. In the latter case Mr. Justice Bailey said, "The doctrine of comparative negligence is founded upon a comparison of the negligence of the plaintiff with that of the defendant. This element of *comparison* is of the very essence of the rule. It must not only appear that the negligence of the plaintiff is slight and that of the defendant gross, but also that they are so when compared with each other."

Such comparison the plaintiff's first and seventh instruction wholly omits. Again, the jury were told by the first instruction, that if the plaintiff was exercising ordinary and usual care and prudence, the defendant was liable, if the defendant was guilty of negligence, in not remedying the defect by keeping the area safely and securely covered and guarded. This would create a liability if the defendant was guilty of any, the slightest, negligence. In other words, if the plaintiff was guilty of slight negligence, and the defendant was only guilty of equally slight negligence, the plaintiff was entitled to recover. Moreover, the jury were told by the instruction that the defendant was liable, provided they believed from the evidence that the defendant was guilty of negligence in not remedying the defect, and keeping the area safely and securely covered and guarded; using the copulative instead of the disjunctive conjunction, thus making it the duty of the defendant, not only to keep the opening safely and securely covered, but also, as the jury might understand the language, to keep it otherwise guarded. Such an instruction was liable to mislead and confuse the jury.

We see no substantial objection to the plaintiff's second instruction. Its purpose was merely to inform the jury that the defendant could not shield itself from liability on the ground that the work was done by a contractor whom it had

employed to do the work, and we think there was evidence sufficient to make it applicable to the case.

The plaintiff's seventh instruction is replete with errors of which it will suffice to point out two or three. And first, like the first instruction, it wholly ignores the element of comparative negligence. In the next place it imposes upon the defendant a higher degree of obligation and duty in respect to the protection of the public, or persons, against injury through defects in a street or sidewalk, caused by the party sought to be made liable, than the law requires. The language used is, " It is his duty to have the work so done as to save and protect the public and all persons using the street or sidewalk from injury," etc. Thus making the defendant a guarantor of the safety of persons using the sidewalk. Such is not the rule.

The defendant was required to use ordinary and reasonable care in constructing the walk and guarding against danger; such care as men of ordinary caution and prudence would use under like circumstances of peril: C. B. & Q. R. R. Co. v. Johnson, 103 Ill. *supra*, and cases there cited; 1 Thompson on Negligence, 102, *et seq.*

Again, the instruction, like the first, required the defendant to construct both proper guards and coverings. The instruction also contains several different propositions of law, so stated as to be liable to confuse and mislead rather than enlighten the jury. As was said in Baxter v. The People, 3 Gilm. 368, the object of instructions is to convey to the minds of the jury correct principles of law, as applicable to the evidence which has been laid before them; nothing should be given to them, unless it will promote that object.

For the reasons above indicated, the judgment of the court below is reversed, and the cause remanded for a new trial.

Reversed and remanded.